Opinion issued May
26, 2011

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 
 


 

 

 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 


 
 

 
 



NO. 01-10-00640-CR

____________

 








GERARDO MARQUEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 


 
 

 
 
 

On Appeal from the 337th District Court

Harris County, Texas

Trial Court Cause No. 629032

 


 
 

 
 
 



MEMORANDUM OPINION








A jury convicted appellant, Gerardo
Marquez, of the offense of murder and assessed punishment at confinement for
life and a fine of $10,000.  Appellant’s
conviction was affirmed on appeal.  Marquez v. State, No. 10-93-00101-CR (Tex.
App.—Waco, Sept. 13, 1995) (not published). 
Subsequently, appellant filed a pro se motion for post-conviction DNA
testing.  On June 10, 2010, the trial
court denied appellant’s motion for DNA testing.  Appellant appealed.

Appellant’s appointed counsel on
appeal has filed a motion to withdraw, along with an Anders brief stating that the record presents no reversible error
and therefore the appeal is frivolous.  See Anders v. California, 386 U.S. 738,
87 S. Ct. 1396 (1967).  We grant counsel’s
motion to withdraw and affirm the trial court’s judgment.

An attorney has an ethical obligation
to refuse to prosecute a frivolous appeal.  In re
Schulman, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).  If an appointed attorney finds a case to be
wholly frivolous, his obligation to his client is to seek leave to
withdraw.  Id.  Counsel’s obligation to
the appellate court is to assure it, through an Anders brief, that, after a complete review of the record, the
request to withdraw is well-founded.  Id.

We may not grant the motion to
withdraw until:

(1)     the
attorney has sent a copy of his Anders
brief to his client along with a letter explaining that the defendant has the
right to file a pro se brief within 30 days, and he has ensured that his client
has, at some point, been informed of his right to file a pro se [petition for
discretionary review]; 

(2)     the
attorney has informed us that he has performed the above duties; 

(3)     the
defendant has had time in which to file a pro se response; and

(4)     we
have reviewed the record, the Anders brief,
and any pro se brief.

 

Id. at 408–09.  If
we agree that the appeal is wholly frivolous, we will grant the attorney’s
motion to withdraw and affirm the trial court’s judgment. See Garner v. State, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009).  If
we conclude that arguable grounds for appeal exist, we will grant the motion to
withdraw, abate the case, and remand it to the trial court to appoint new
counsel to file a brief on the merits.  See Bledsoe v. State, 178 S.W.3d 824,
826–27 (Tex. Crim. App. 2005).  

Here, counsel’s brief reflects that
he delivered a copy of the brief to appellant and informed him of his right to examine
the appellate record and to file a response. 
See Schulman, 252 S.W.3d at
408.  More than 30 days have passed, and
appellant has not filed a pro se brief.  See id. at 409 n.23 (adopting 30-day
period for response).  

          Counsel’s
brief meets the Anders requirements
in that it presents a professional evaluation of the record. See Anders, 386 U.S. at 744, 87 S. Ct.
at 1400; see also High v. State, 573
S.W.2d 807, 812 (Tex. Crim. App. 1978). 
Counsel supplies us with references to the record and provides us with
citation to legal authorities.  Counsel
indicates that he has thoroughly reviewed the record and that he is unable to
advance any grounds of error that warrant reversal.  See
Anders, 386 U.S. at 744, 87 S. Ct. at 1400; Mitchell v. State, 193 S.W.3d 153, 154 (Tex. App.—Houston [1st
Dist.] 2006, no pet.).  

We have independently reviewed the
entire record, and we conclude that no reversible error exists in the record,
that there are no arguable grounds for review, and that therefore the appeal is
frivolous. See Anders, 386 U.S. at
744, 87 S. Ct. at 1400; Garner v. State,
300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (explaining that frivolity is
determined by considering whether there are “arguable grounds” for review); Bledsoe, 178 S.W.3d at 826–27 (emphasizing
that reviewing court—and not counsel—determines, after full examination of
proceedings, whether the appeal is wholly frivolous); Mitchell, 193 S.W.3d at 155.  Although we may issue an opinion explaining
why the appeal lacks arguable merit, we are not required to do so. See Garner, 300 S.W.3d at 767.  An appellant may challenge a holding that
there are no arguable grounds for appeal by filing a petition for discretionary
review in the Court of Criminal Appeals. See
Bledsoe, 178 S.W.3d 827 & n.6.

 

We affirm the trial court’s judgment
and grant counsel’s motion to withdraw.  
Attorney Bob Wicoff must immediately send the notice required by Texas
Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the
Clerk of this Court.  See Tex.
R. App. P. 6.5(c).  Further,
although the trial court certified appellant’s right to appeal, the
certification does not include appellant’s signature, indicating that he has
been informed of his right to file a pro se petition for discretionary review, as
required by the Rules of Appellate Procedure. 
See Tex. R. App. P. 25.2(d). 
This defect was not remedied by appellant’s counsel.  Therefore, pursuant Rule 48.4, we ORDER appellant’s appointed counsel to
inform appellant of the result of this appeal and that he may, on his own,
pursue discretionary review in the Texas Court of Criminal Appeals.  See Tex. R. App. P. 48.4; Bledsoe, 178 S.W.3d at 826–27.   Any other pending motions are dismissed as
moot.

PER CURIAM

 

Panel consists of Justices Jennings, Higley, and Brown.

 

Do not publish. 
Tex. R. App. P. 47.2(b).